## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**PHILIP KAMARA**
6 Quaint Road
Levittown, PA 19057

*Plaintiff,*

vs.

**RYDER TRANSPORTATION
SOLUTIONS, LLC**
2333 Ponce De Leon Blvd., Suite 700
Coral Gables, FL 33134

-and-

**RYDER SYSTEM, INC.**
2333 Ponce De Leon Blvd., Suite 700
Coral Gables, FL 33134

*Defendants.*

CIVIL ACTION

NO. _____

**JURY TRIAL DEMANDED**

## CIVIL ACTION COMPLAINT

Plaintiff, Philip R. Kamara (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Ryder Transportation Solutions, LLC and Ryder System, Inc. (hereinafter referred to as "Defendants") of Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000e *et seq*.), the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, *et. seq*.), and the Pennsylvania Human Relations Act ("PHRA").[1]

---

[1] Plaintiff intends to amend his instant lawsuit to include claims under the PHRA mirroring his race and disability

2.      Plaintiff alleges, *inter alia*, that Defendants discriminated against him and subjected him to a hostile work environment on the basis of his race and disability, and also failed to accommodate him and retaliated against him for opposing discriminatory and unlawful employment practices by terminating his employment under demonstrably pretextual circumstances.

3.      As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

5.      This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

6.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

7.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his

---

based claims once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

administrative remedies before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

8.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9.      Plaintiff is an adult individual, with an address as set forth in the caption.

10.     Defendants are third party logistics providers who offer fully integrated port-to-door supply chain solutions.

11.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

12.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.     Plaintiff worked for Defendants from in or about November 2023 as a Commercial Driver's License ("CDL") driver until his unlawful termination on or about March 25, 2025 (discussed at length *infra*).

14.     Plaintiff primarily worked for Defendants at the Alro Steel location where Defendants provided logistics services, located at 17 Progress Drive, Morrisville, PA 19067 (*hereinafter* the "Morrisville location").

15.     Plaintiff is a Black (African) male of Liberian descent, and the only African employee who worked at the Morrisville location for Defendants.

16.    Towards the latter part of Plaintiff's employment, Plaintiff was primarily supervised by Manager, Nicolas Garcia (Hispanic, *hereinafter* "Garcia").

17.    Throughout his employment, Plaintiff was consistently a high-performing employee who performed his job well.

18.    Despite this, Plaintiff was subjected to a hostile work environment and observed Defendants' non-Black/non-African management including but not limited to Garcia treating Plaintiff in a discriminatory, hostile, and demeaning way.

19.    By way of example and not intending to be an exhaustive list, Garcia:

   i.    treated Plaintiff in a rude and condescending way, regularly talking down to him;

   ii.    preferred other Hispanic employees over Plaintiff, giving them more favorable routes (in fact turning over Plaintiff's route to a newly hired Hispanic employee with no seniority despite that Plaintiff had seniority);

   iii.    advised Plaintiff that he [Garcia] would make work difficult for Plaintiff, for no legitimate reason, as Plaintiff performed his job duties well;

   iv.    repeatedly mocked Plaintiff's Liberian accent[2] and the way Plaintiff talked; and

---

[2] Courts have overwhelmingly concluded that one's accent is a linguistic characteristic of their "ancestry," **which is expressly protected under Section 1981**. It is actually **well established** that Section 1981 prohibits racial discrimination based upon one's race/ancestry <u>and linguistic characteristics</u>. In *Chandoke v. Anheuser-Busch, Inc.*, 843 F. Supp. 16, 18-20 (D.N.J. 1994), the court explained that Indian ancestry is protected under Section 1981 and that accents relate to not only national origin discrimination ***but also racial discrimination***. *See also Gupta v. Sears, Roebuck & Co.*, 2007 WL 2253609, at *3 (W.D. Pa. 2007) (denying motion to dismiss because the plaintiff adequately pleaded Indian ancestry, which is a race, and a discernable accent as to claims under Section 1981); *Saleh v. Upadhyay*, 11 Fed. Appx. 241, 264 (4th Cir. 2001) (affirming a trial verdict in favor of a plaintiff asserting for, among other claims, a claim under 42 U.S.C § 1981 for discrimination because of his accent); *Lopez v. Indiana-Kentucky Elec. Corp.*, CASE NO. 4:04-cv-0169-DFH-WGH, 2006 U.S. Dist. LEXIS 84337, *2 (S.D. Ind. Aug. 17, 2006) (denying summary judgment on plaintiff's Section 1981 claim due to hostility towards his Spanish accent); *Minetos v. City University of New York*, 875 F. Supp. 1046, 1053 (S.D. N.Y. 1995)(Hispanic secretary with college's music department stated a Section 1981 cause of action by alleging that she was not allowed to be head secretary because she had a Hispanic accent); *Nedeltchev v. Sheraton St. Louis City Center Hotel & Suites*, 335 Fed. Appx. 656, 657 (8th Cir. 2009) (finding European Slavic plaintiff states a cause of action under Section 1981 for harassment because of his ancestry and accent); *Mavrommatis v. Carey Limousine Westchester, Inc.*, No. 3:08cv1344 (SRU), 2010 U.S. Dist. LEXIS 74296 (D. Conn. July 23, 2010)(holding 1981 claim satisfied by discrimination because of accent but dismissing case on other grounds); *Rumala v. New York City Transit Auth.*, 2005 WL 2076596, *8-9 (E.D.N.Y. 2005)(construing complaint as one of ancestry, as well as national origin, when plaintiff's claims included alleged discriminated based on an alleged accent); *Franchitti v. Bloomberg, L.P.*, 2004 WL 2366183, at * 2-4 (S.D.N.Y. 2004)

v.   selectively enforced policies against Plaintiff.

20.    Plaintiff objected to Garcia's behavior and asked him to stop making fun of him and to treat him fairly like he treated the other non-Black or non-African employees, but he ignored Plaintiff's complaints and the disparate treatment and harassment continued.

21.    In addition to race based discrimination and hostile work environment, Plaintiff also was subjected to disability based discrimination, retaliation, and failure to accommodate.

22.    On or about March 12, 2025, Plaintiff suffered serious work-related injuries to his lower back while lifting and delivering product.

23.    Plaintiff advised Garcia while out on route that his pain was so intense that Plaintiff could hardly move.

24.    Despite conveying that he was intense and extreme pain, Garcia required Plaintiff to complete his last stop ending his workday.

25.    The following day, Plaintiff informed Garcia that he was still in incredible pain and needed to see Defendants' worker's compensation doctor and Plaintiff applied for worker's compensation benefits.

26.    Plaintiff was evaluated by Defendants' worker's compensation doctor on or about March 13, 2025, at which time Plaintiff was released to light-duty work of pushing, pulling, and lifting no more than 5 pounds and no squatting, kneeling, climbing or walking on uneven terrain.

27.    Defendants' workers' compensation doctors indicated these restrictions on a doctor's note, which Plaintiff presented to Garcia – constituting a request for a reasonable accommodation of light duty.

---

(inferring that § 1981 claim was based on ancestry when plaintiff's accent was one of the alleged bases for discrimination).

28.     However, when Plaintiff provided the note to Garcia, Garcia ignored Plaintiff's restrictions and advised Plaintiff to go pick up a truck and do his route as normal, offering no accommodations or permitting Plaintiff to work within his doctor's recommended restrictions.

29.     Plaintiff advised Garcia that he was unable to climb up into the truck as a result of his aforesaid work-related injuries/serious health conditions.

30.     Instead of accommodating Plaintiff or interacting with him at all regarding his accommodation request, Garcia hostilely informed Plaintiff that he would discipline Plaintiff if he did not perform his work without restrictions.

31.     When Plaintiff insisted that he had to follow the doctor's recommendations, Plaintiff was then advised by Garcia to just sit or walk around with no work for an entire week.

32.     On or about March 17, 2025, Plaintiff's restrictions were changed to lifting 5 pounds and pulling/pushing up to 10 pounds, with occasional bending, standing, and walking.

33.     Thereafter, Plaintiff was fearful of losing his job based on Garcia's treatment and threats related to write-ups, Plaintiff requested his doctor clear him to be able to drive and work without restrictions, however, Plaintiff's back injuries still caused him pain and discomfort, which continues to this day and for which he is still under doctor care.

34.     On or about March 25, 2025, Plaintiff gave his clearance to Garcia and worked a full day.

35.     However, Plaintiff was then abruptly terminated by Garcia that evening for alleged insubordination, which is false and pretextual as Plaintiff was never insubordinate to Garcia.

36.     Instead, Plaintiff merely advised Garcia that he would not be able to work against his doctor's restrictions – i.e. without the reasonable accommodation of light duty.

37.     Plaintiff therefore avers that his race and/or national origin, his work-related injuries/serious health conditions, requested accommodations, and his objections to discrimination were motivating and/or determinative factors in Defendants' decision to terminate him.

## COUNT I
### Violations of 42 U.S.C. Section 1981
**([1] Race Discrimination; [2] Hostile Work Environment; and [3] Retaliation)**

38.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39.     During Plaintiff's employment with Defendant, he was subjected to severe and/or pervasive discrimination and a hostile work environment through disparate treatment, pretextual admonishment and demeaning and/or derogatory treatment because of his race and/or national origin.

40.     Plaintiff complained to Garcia about the aforementioned discriminatory conduct and hostile work environment that he was being subjected to because of his race but his complaints were not meaningfully addressed or remedied.

41.     Following his complaints of race or national origin discrimination (discussed *supra*), Plaintiff was subjected to further harassment, discrimination, and retaliatory conduct.

42.     Plaintiff therefore avers that he was subjected to a hostile work environment and disparate treatment; and was terminated from his employment with Defendants, because of his race or national origin and in retaliation for his complaints of discrimination.

43.     Defendant's actions as aforesaid constitute unlawful discrimination, retaliation and a hostile work environment in violation of Section 1981.

## COUNT II
### Violations of Title VII
**([1] Discrimination; [2] Hostile Work Environment; and [3] Retaliation)**

44.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45.     During Plaintiff's employment with Defendant, he was subjected to severe and/or pervasive discrimination and a hostile work environment through disparate treatment, pretextual admonishment and demeaning and/or derogatory treatment because of his race and/or because he did not conform to other's perception about gender stereotypes.

46.     Plaintiff complained to Garcia about the aforementioned discriminatory conduct and hostile work environment that he was being subjected to because of his race but his complaints were not meaningfully addressed or remedied.

47.     Following his complaints of race and national origin discrimination (discussed *supra*), Plaintiff was subjected to further harassment, discrimination and retaliatory conduct.

48.     Plaintiff therefore avers that his race and/or national origin was a motivating and/or determinative factor in Defendants' decisions to issue him discipline and terminate his employment.

49.     Plaintiff also therefore avers that he was terminated from his employment for engaging in protected activity under Title VII.

50.     Defendants' actions as aforesaid constitute unlawful discrimination, retaliation and a hostile work environment in violation of Title VII.

**COUNT III**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;**
**[3] Hostile Work Environment; and [4] Failure to Accommodate)**

51.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52.     In or about March 2025, Plaintiff was injured at work while lifting and delivering

8

product which resulted in work-related injuries to his lower back.

53.     As a result of the aforesaid accident, Plaintiff suffered <u>serious</u> injuries to his back which continues to cause pain and limit his abilities to bend, stand, and walk.

54.     As a result of his aforesaid disabilities Plaintiff experiences severe pain, which (at times) limits his ability to perform some daily life activities, including but not limited to moving, lifting, and pulling (among other daily life activities).

55.     Despite his aforesaid health conditions and limitations, Plaintiff was able to perform the duties of his job well with Defendant; however, Plaintiff did require some reasonable accommodations while employed with Defendants, such as light duty.

56.     Plaintiff was terminated from his employment with Defendants shortly after requesting/utilizing reasonable accommodations.

57.     Plaintiff believes and therefore avers that Defendants refused to accommodate Plaintiff on multiple occasions; and Plaintiff was subjected to a hostile work environment, retaliated against, and ultimately terminated because of Plaintiff's his known and/or perceived disabilities, his record of impairment, and/or in retaliation for requesting accommodations.

58.     These actions as aforesaid constitute violations of the ADA.

<u>**COUNT IV**</u>
**Common-Law Wrongful Discharge**
**(Public Policy Violation)**

59.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

60.     Upon information and belief, Plaintiff was terminated in substantial part for suffering work related injuries and/or seeking worker's compensation benefits (as discussed *supra*).

61.     It is against Pennsylvania's public policy for an employee to be terminated for

9

making worker's compensation claims and/or seeking worker's compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc*., 584 Pa. 297, 883 A.2d 511, 516 (2005).

62.     The temporal proximity and retaliatory animus between Plaintiff's claims for worker's compensation and his termination creates an inference that his termination was in retaliation for making such claims.

63.     These actions as aforesaid constitute wrongful termination in Pennsylvania.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered unlawful payment practices, retaliation, and discrimination at the hands of Defendant until the date of verdict;

B.     Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

D.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.    Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com
*Attorneys for Plaintiff*

Dated: December 2, 2025

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## <u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

| | | |
|---|---|---|
| Philip Kamara | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Ryder Transportation Solutions, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x )

| | | |
|---|---|---|
| 12/2/2025 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                                   Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?           Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?                                                                                                          Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?                 Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.*  *Federal Question Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Wage and Hour Class Action/Collective Action
☐  6.  Patent
☐  7.  Copyright/Trademark
☐  8.  Employment
☐  9.  Labor-Management Relations
☒  10. Civil Rights
☐  11. Habeas Corpus
☐  12. Securities Cases
☐  13. Social Security Review Cases
☐  14. Qui Tam Cases
☐  15. Cases Seeking Systemic Relief *see certification below*
☐  16. All Other Federal Question Cases. *(Please specify)*:_____

*B.*  *Diversity Jurisdiction Cases:*

☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☐  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify)*:_____
☐  7.  Products Liability
☐  8.  All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[ X ]  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[   ]  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KAMARA, PHILIP

**DEFENDANTS**

RYDER TRANSPORTATION SOLUTIONS, LLC, ET AL.,

**(b)** County of Residence of First Listed Plaintiff    Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Miami-Dade
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury – Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of the ADA, Title VII, Section 1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE   12/2/2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____